UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. C-08-2 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On this day came on to be considered Petitioner's Motion for Leave to File a Petition for Writ of Habeas Corpus and to Proceed *In Forma Pauperis*. (D.E. 1.) For the reasons discussed below, Petitioner's motion is hereby DENIED.

**I.     Background**

Petitioner is contumacious litigator who has filed over sixty actions in federal district court. See In re: Ronald Dwayne Whitfield, No. 2:07-cv-114 (S.D. Tex. Oct. 9, 2007 Order at 2) ("A recent review of Whitfield's litigation history shows that he has filed more than sixty (60) civil actions in federal district court.")  His conduct has resulted in repeated and significant monetary sanctions.  See e.g., In re Whitfield, No. 97-00454 (5th Cir. Oct. 30, 1997 Order) ($100); Whitfield v. Johnson, No. 4:94-cv-02767 (S.D. Tex Mar. 5, 2001 Order Striking Pleadings and May 12, 2000 Order Striking Pleadings and Imposing Sanction) ($1500); Whitfield v. Ott, No. 4:00-cv-2367 (S.D. Tex. July 14, 2000 Order) ($200); Whitfield v. Johnson, No. 4:97-cv-3148 (S.D. Tex. April 22, 1999 Order on Motion) ($200); Whitfield v. Webb, No. 4:94-cv-4191 (S.D. Tex. Sept. 20, 1996 Order) ($25); Whitfield v. Collins, No. 4:94-cv-2630 (S.D. Tex. Jan. 9, 1996 Order) ($50); Whitfield v. State of Texas, et al., No. 1:95-cv-023

(N.D. Tex. Feb. 13, 1995 Order) ($250).  In In re Whitfield, No. 97-00454 (5th Cir. Oct. 30, 1997 Order), the Fifth Circuit stated:

> We impose upon Whitfield a sanction in the amount of $100, payable to the Clerk of this court.  **Until such sanction is paid in full, the Clerk of this court is directed to accept no further notices of appeal, motions, or other pleadings filed by Whitfield.  Even after the sanction is paid, the Clerk of this court is directed to accept no further notices of appeal, motions, or other pleadings from Whitfield unless Whitfield has obtained permission to file them from a judge of this court.**

(Emphasis added.)  Furthermore, in Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex. Feb. 11, 2003 Order), this Court stated:

> [I]t is ORDERED that **Plaintiff is … barred from filing any pleadings in this division until such time as he can demonstrate that prior financial sanctions [*i.e.*, the sanctions listed above] have been paid in full, except upon written leave of court.**

(Emphasis added.)  The docket sheets in the aforementioned cases do not reflect, and Petitioner has provided the Court with no evidence, that any of the aforementioned monetary sanctions have been paid.

On January 4, 2008, Petitioner filed the present Motion for Leave to File a Petition for Writ of Habeas Corpus and to Proceed *In Forma Pauperis* with the Court.  (D.E. 1.)  Petitioner seeks to challenge his conviction in cause number 617,718 in the 174th Judicial District Court of Harris County, Texas on the basis that he "was not 'charged' nor 'convicted' under Texas nor federal law."  (D.E. 1 at 2, ¶ 2.)  He argues that "no 'judgment' has been 'rendered,'" only "an 'unsigned' non-rendered 'opinion issued.'"  (Id.)  The state court records filed by Petitioner with his motion, however, demonstrate that Petitioner was convicted of "burglary of a building with intent to commit theft" after a jury trial.  (D.E. 1; see also Whitfield v. State, No. 14-05-00172-CR, No. 14-05-00173-CR, 2005 Tex. App. LEXIS 1617, *1 (Tex. App. Mar. 3, 2005)).

**II.     Discussion**

The Fifth Circuit has held that a federal district court may enforce the sanction order of another federal district court.  Balawajder v. Scott, 160 F.3d 1066, 1067-1068 (5th Cir. 1998) (citing Umar v. McVea, 81 F.3d 157 (5th Cir. 1996) (affirming the Southern District's policy of enforcing sanctions imposed by other Texas federal district courts); Murphy v. Scott, 56 F.3d 1385 (5th Cir. 1995) (authorizing the Eastern District to honor sanctions imposed against *pro se* prisoners by other federal district courts); Clark v. United States, 52 F.3d 1066 (5th Cir. 1995) (affirming Northern District's application of 'Miscellaneous Order No. 48, which permits "each federal district court in Texas [to] honor the sanctions imposed by another federal court in Texas"'")).  In light of Petitioner's failure to pay numerous monetary sanctions imposed by various federal courts, this Court declines to grant Petitioner's motion for leave to file a petition for writ of habeas corpus and to proceed *in forma pauperis*.  See Schmidt v. Van Buren, 243 Fed. Appx. 803, 804 (5th Cir. 2007) (finding that it was not an abuse of discretion to deny *pro se* petitioner's motion for leave to file a habeas petition where petitioner had failed to pay monetary sanctions imposed by another district court).  This Court made clear, in Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex. Feb. 11, 2003 Order), that Petitioner may not "fil[e] any pleadings in this division until such time as he can demonstrate that prior financial sanctions have been paid in full, except upon written leave of court."  Petitioner has not provided the Court with any reason why written leave is warranted in this case, absent a showing that he has complied with all outstanding sanctions orders against him.

## III.     Conclusion

Based on the foregoing, Petitioner's Motion for Leave to File a Petition for Writ of Habeas Corpus and to Proceed *In Forma Pauperis* is hereby DENIED.

SIGNED and ORDERED this 8th day of February, 2008.

_____
Janis Graham Jack
United States District Judge